# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| JARRETT JENKINS, EMMOT STEELE and FRANCES ROYAL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>NATIONAL GRID USA SERVICE COMPANY, INC., KEYSPAN GAS EAST CORPORATION, NIAGARA MOHAWK POWER CORPORATION and THE BROOKLYN UNION GAS COMPANY,<br><br>Defendants. | Misc. Case. No. |

## MEMORANDUM OF LAW IN SUPPORT OF RULE 45(f) MOTION TO TRANSFER PLAINTIFFS' MOTIONS TO COMPEL COMPLIANCE WITH SUBPOENA DIRECTED TO I.C. SYSTEM, INC.; OR ALTERNATIVELY IN SUPPORT OF MOTION TO COMPEL I.C. SYSTEM, INC.'S SUBPOENA COMPLIANCE

**TUSA P.C.**
Joseph S. Tusa
Bar No. ct30075
Email: joseph.tusapc@gmail.com
P.O. Box 566
Southold, NY 11971
Tel. (631) 407-5100
Fax. (516) 706-1373

**LIEFF CABRASER HEIMANN
 & BERNSTEIN, LLP**
Douglas I. Cuthbertson
Bar No. ct30263
Email: dcuthbertson@lchb.com
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel. (212) 355-9500
Fax (212) 355-9592

Plaintiffs Jarrett Jenkins, Emmot Steele and Frances Royal ("Plaintiffs"), respectfully submit this motion pursuant to FED. R. CIV. P. 45(f) to transfer to the United States District Court for the Eastern District of New York, the Court presiding over this action, Plaintiffs' motions to compel subpoena compliance from non-party I.C. Systems ("ISC").  Alternatively, Plaintiffs move to compel ICS' subpoena compliance.

## INTRODUCTION

Plaintiffs filed this putative class action in March 2015 in the United States District Court for the Eastern District of New York ("EDNY") and were assigned to the Honorable Joanna Seybert, USDJ, and Gary R. Brown, USMJ under Case No. 15-cv-1219-JS-GRB.  During the last two and half years, Magistrate Judge Brown has actively managed and overseen a complex and intensive discovery process by, among other things, conducting hearings and conferences, setting discovery deadlines and schedules, and adjudicating discovery motions concerning the discovery obligations of Defendants and critical non-party debt collectors.  On May 30, 2017, Magistrate Judge Brown ordered non-party debt collector Allied Account Services, Inc. ("Allied") to comply with Plaintiffs' document subpoena.  *See* Ex. A (5/30/17 Electronic Order) (compelling compliance by Allied).

Plaintiffs allege that defendants National Grid USA Service Co., Inc. and its National Grid affiliates violated the Telephone Consumer Protection Act, 47 U.S.C. §227, *et. al.* ("TCPA") and New York General Business Law §399-p ("GBL §399-p") when they and their agent debt collectors auto-dialed consumers or left prerecorded messages on consumers' telephones in violation of both statutes.  Judge Seybert sustained Plaintiffs' "direct" TCPA and GBL §399-p claims over the Defendants' motion to dismiss those claims.  *Jenkins v. National Grid USA*, 2016 U.S. Dist. LEXIS 46095 (E.D.N.Y. Mar. 31, 2016).  After further pleading and

motion practice, Judge Seybert also sustained Plaintiffs' "vicarious liability" claims under the TCPA, based on telephone calls made on Defendants' behalves by, among others, Defendants' debt collectors, including ICS. *See Jenkins v. National Grid USA*, 2017 U.S. Dist. LEXIS 49365 (E.D.N.Y. Mar. 31, 2017).

Motion respondent ICS is a debt collector that made calls on behalf of Defendants to collect tens of millions of dollars. Plaintiffs served a document subpoena on ISC in 2015, after Defendants identified it in their initial disclosures. Plaintiffs' subpoena to ICS required compliance within this District, which is within 100 miles of where ISC conducts business and maintains its registered agent for service. While twelve other non-party debt collectors are producing documents in response to Plaintiffs' subpoenas, ICS has refused to comply.

After years of discussions and repeated efforts to meet and confer, Plaintiffs now seek to move to compel ISC's compliance with Plaintiffs' subpoena. Pursuant to FED. R. CIV. P. 45(d)(2)(B)(i), those motions must *initially* be filed in this District, because the subpoena required compliance in this District.[1] However, Rule 45(f) permits the transfer of motions related to subpoenas back to the issuing court to ensure efficiency and proper judicial administration. Plaintiffs move to transfer their motion to compel ICS' compliance to the EDNY, where the underlying action is pending, from where the ICS subpoena was issued, and where Magistrate Judge Brown is managing the discovery process in this complex, class action and has already considered and decided similar motions to compel.

The bases for Plaintiffs' motion to compel ICS' compliance are contained in the letter motion annexed hereto as Exhibit B.[2]

---

[1] ICS' responses and objections to Plaintiffs' subpoena did not object to the place of compliance in this District. *See* Exs. B-2, B-4, B-5.
[2] EDNY Local Rules 7.1 and 37.3 permit motions to compel discovery to be made by letter motions. Because this District's local rules do not employ the same procedure for making motions to compel discovery,
*Footnote continued on next page*

**BACKGROUND**

Plaintiffs served ICS with a document subpoena on July 30, 2015 through ICS' registered agent in Hartford, Connecticut. *See* Ex. B-1 (annexing subpoena). On July 31, 2015, ICS served its initial response, refusing to produce any documents in response to Plaintiffs' subpoena. Ex.-2. Following Judge Seybert's order sustaining Plaintiffs' TCPA vicarious liability claims, the parties continued to meet and confer regarding ICS' outright refusal to comply with the subpoena. On April 18, 2017 and again on August 29, 2017, ICS repeated its objections and refused to comply with Plaintiffs' subpoena. Exs. B-4 and B-5.

Plaintiffs now file their motion to compel production from ICS, and request that this Court transfer that motion to Magistrate Judge Brown in the EDNY. Alternatively, Plaintiffs move to compel ICS's compliance with Plaintiffs' document subpoena.

**ARGUMENT**

**I.   STANDARD OF REVIEW**

Federal Rule of Civil Procedure 45(f) provides:

> When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.

Following the adoption of revised Rule 45(f) in 2013, the transfer of subpoena-related motions to the issuing court is "permit[ted] and "encourage[d]" in this Circuit. *Fed. Deposit Ins. Co. v. Axis Reinsurance Co.*, Case No. 13-Misc.-380 (KPF), 2014 U.S. Dist. LEXIS 8503, at *8 (S.D.N.Y. Jan. 23, 2014) (citing FED. R. CIV. P. 45(f) and Committee Note to Amended Rule 45).

*Footnote continued from previous page*
should this court deny Plaintiffs' motion to transfer, at the Court's request, Plaintiffs will promptly re-file their motion to compel in a manner that comports with the District of Connecticut Local Rules of Civil Procedure.

## II. PLAINTIFFS' MOTION SHOULD BE TRANSFERRED TO THE EDNY

Plaintiffs' motions to compel should be decided by the EDNY, because that Court is most familiar with the underlying action, the progress of discovery, and the manner in which previous, similar disputes have been resolved. The EDNY has issued multiple decisions addressing Plaintiffs' underlying claims, including Defendants' potential liability based on the conduct of its debt collectors, including ICS. *See Jenkins v. Nat'l Grid USA*, No. 15-CV-1219 (JS)(GRB), 2017 U.S. Dist. LEXIS 49365 (E.D.N.Y. Mar. 31, 2017). Those decisions address the relevance of the discovery sought by Plaintiffs from ICS. In addition, Magistrate Judge Brown has issued various discovery scheduling orders, including an Order that presently requires all third-party discovery to be completed by December 31, 2017. Judge Brown has also decided motions to compel discovery from Defendants' debt collectors like ICS, Electronic Order (1/4/17); Electronic Order (5/30/17) (annexed as Ex. A-5), and overruled bifurcation defenses to so-called "class" and non-class discovery. *See* EDNY Dkt. No. 185 (Tr. at 75:8-10; "THE COURT: Yes. Bifurcation in and of itself is not -- it's not a valid objection at this time, okay?); *see also id*. at 48:15-18 ("THE COURT: One ruling I'm making is that I'm not issuing a protective order to stop them [third party subpoena recipients] from producing the information, which I think is what you want from me, which I'm not giving you.").

"[J]udicial economy, efficient case management, and the administration of justice" arise to satisfy the "exceptional circumstances" that warrant transfer under Rule 45(f). *D.R. Horton, Inc. v. NVR, Inc.*, Case No. 3:16-MC-053-RJC-DCK, 2016 U.S. Dist. LEXIS 66970, *4 (W.D.N.C. May 20, 2016). By contrast, the failure to transfer raises the specter of "inconsistent orders and deadlines regarding subpoenas and/or protective orders" in a single case. *Id*; *accord Cadence Pharms., Inc. v. Multisorb Techs., Inc.*, Case No. 16MC22G, 2016 U.S. Dist. LEXIS

107769, at *11-12 (W.D.N.Y. Aug. 15, 2016) ("A transfer may be warranted 'in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts,' FED. R. CIV. P. 45(f), advisory committee notes to 2013 amendment.").

The advisory committee comments to Rule 45(f) suggest that transfer may not be appropriate when it would place an undue burden on "local nonparties subject to subponeas,...." FED. R. CIV. P. 45(f), Advisory Committee Notes. However, that issue does not arise here. ICS does not limit its operations to this District and is not "local" to this District.[3] In addition, ICS does business in New York and the EDNY. Moreover, even if some unanticipated burden would be placed on ICS by transfer to the EDNY, that burden does not outweigh the efficiency and consistency benefits of transfer. *See Cadence Pharms*., 2016 U.S. Dist. LEXIS 107769 at *21 ("The interest in determining the relevant documents and testimony that should be produced pursuant to the subpoenas outweighs the burden imposed upon Respondent to appear in Delaware to resist that production.").

The efficiencies and judicial economies of transfer of Plaintiffs' motion to compel ICS' subpoena compliance satisfy Rule 45(f).

### III.   IF TRANSFER IS NOT GRANTED, ICS SHOULD BE COMPELLED TO PRODUCE DOCUMENTS RESPONSIVE TO PLAINTIFFS' SUBPOENA

For the reasons set forth in the Plaintiffs' accompanying letter motion to compel (Ex. B), and in the event this Court does not grant Plaintiffs' Rule 45(f) transfer motion, Plaintiffs respectfully request that ICS be compelled to produce the documents requested by Plaintiffs.

---

[3] Based on filings by ICS with the Massachusetts Secretary of State, upon information and belief, ICS maintains its corporate headquarters in Minnesota.

Dated: September 20, 2017 By: /s/ Joseph S. Tusa
Joseph S. Tusa

**TUSA P.C.**
Joseph S. Tusa
Bar No. ct30075
Email: joseph.tusapc@gmail.com
P.O. Box 566
Southold, NY 11971
Tel. (631) 407-5100
Fax. (516) 706-1373

**LIEFF, CABRASER, HEIMANN
 & BERNSTEIN, LLP**
Douglas I. Cuthbertson
Bar No. ct30263
Email: dcuthbertson@lchb.com
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel. (212) 355-9500
Fax. (212) 355-9592

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

Joseph S. Tusa, a member in good standing of the bar of this Court and counsel for Plaintiffs in this action, certifies that on September 20, 2017, the accompanying *Notice of Motion* and *Memorandum of Law* were served on counsel for ICS, indicated below, by email and first class mail:

> Sean P. Flynn, Esq.
> Gordon & Rees Scully & Mansukhani, LLP
> 2211 Michelson Drive, Ste. 400
> Irvine, CA  92612
> sflynn@grsm.com

/s/ Joseph S. Tusa
Joseph S. Tusa
