# EXHIBIT B

# Tusa P.C.

### Attorneys and Counselors at Law
#### www.tpcpnylaw.com

Southold
New York City

Joseph S. Tusa
**Attorney at Law**
joseph.tusapc@gmail.com

September 20, 2017

**By ECF Filing**

The Honorable Gary R. Brown
United States Magistrate Judge
United States District Court for the Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:     ___Jenkins v. National Grid USA, et. al___, E.D.N.Y. Case No. 15-cv-1219-JS-GRB

Dear Judge Brown:

Pursuant to Federal Rules 37 and 45 and Local Rule 37.1, Plaintiffs move to compel third-party debt collector I.C. System, Inc. ("ICS") to produce the documents identified in Schedule A to Plaintiffs' document subpoena (the "Subpoena").  ICS was one of Defendants' debt collectors until 2016, when it contract was not renewed.[1]  Plaintiffs have served document subpoenas on twelve debt collectors retained by Defendants to make outbound calls to class members since 2011.  ICS is the only one that is not producing *any* documents in response.  The only other debt collector that outright refused to produce any documents was ordered to comply.  *See* 5/30/2017 Electronic Order.  Despite the implications of that Order, ICS maintains its blanket refusal to comply.

Plaintiffs served the Subpoena on ICS on July 30, 2015 (**Ex. 1**).  In response, ICS served an omnibus objection, and refused to produce any documents (**Ex. 2**).  In its letter response, and in subsequent communications, ICS maintained that since it did not collect from the Plaintiffs individually, Plaintiffs could not request classwide discovery unrelated to the Plaintiffs.  This Court has resolved that objection in Plaintiffs' favor.  *First*, this Court ruled that discovery should not be bifurcated based on class certification.  *See* Dkt. No. 185 (Tr. at 75:8-10; "THE COURT: Yes.  Bifurcation in and of itself is not -- it's not a valid objection at this time, okay?); *see also id*. at 48:15-18 ("THE COURT:  One ruling I'm making is that I'm not issuing a protective order to stop them [third party subpoena recipients] from producing the information, which I think is what you want from me, which I'm not giving you.").[2]

---

1       According to Defendants' records, in 2015 alone, Defendant referred tens of millions of dollars worth of collection accounts to ICS for collection.

2       Those rulings are consistent with precedent strongly disfavoring bifurcation of class and merits discovery as inefficient and generally unworkable.  *See e.g., Charvat v. Plymouth Rock Energy, LLC*, No. 15-cv-4106-JMA-SIL, 2016 WL 207677 at *1-3 (E.D.N.Y. Jan. 12, 2016); *Pandit v. Saxon Mortg. Servs.*, CF 11-



On March 31, 2017, Judge Seybert denied Defendants' motion to dismiss Plaintiffs' vicarious liability TCPA claims for telephone calls made by Defendants' agent debt collectors. *See* Dkt. 222.  That decision confirmed the relevance of discovery related to Defendants' agent debt collectors' telephone calls to putative class members and related conduct and policies related to Plaintiffs' TCPA vicarious liability claims.  *See* Dkt. 222 at n.10 (identifying relevant debt collectors, including ICS).  Defendants have repeatedly told Plaintiffs' counsel that *they* do not possess either the critical ICS telephone call data nor other documentary discovery sought by Plaintiffs from ICS and other debt collectors.  Accordingly, ICS and other debt collectors must produce those documents.  *See e.g., Charvat v. Nat'l Holdings Corp.*, Case No. 2:14-cv-2205, 2015 U.S. Dist. LEXIS 96291, at *2-4 (S.D. Ohio July 20, 2015) (permitting TCPA plaintiff to subpoena "third-party providers in possession of call records and 'consent evidence' relevant to his claim.").

Shortly after Judge Seybert's March 2017 decision, Plaintiffs contacted ICS and its counsel to meet and confer regarding the Subpoena (**Ex. 3**).  In response, Plaintiffs and ICS have conferred on multiple occasions by telephone and email.  Subsequent to those most recent discussions, ICS renewed its objections and refusal to produce any responsive documents to the Subpoena (**Exs. 4, 5**).  The deadline for all discovery to be completed in this matter is December 31, 2017.  Plaintiffs cannot schedule depositions of ICS until its documents are produced and evaluated.

This is not Plaintiffs' first motion to compel subpoena compliance from Defendants' debt collectors.  Plaintiffs moved to compel third party Allied Account Services Inc., another debt collector that made similar blanket objections and arguments as made by ICS.  *See* Dkt. 232. On May 30, 2017, this Court granted Plaintiffs' motion to compel.  *See* Electronic Order (5/30/17). Plaintiffs provided that Order to ICS.  *See* **Ex. 5**.

## ISC Has Not Made Any Meritorious Objections to the Subpoena

ICS raises five objections to the Subpoena.  *First*, it argues that since it did not collect directly from the three named Plaintiffs, it need not produce any documents related to its outbound calls made to putative class members.  This Court has already rejected that argument.  *See* Dkt. No. 185 (Tr. at 75:8-10); *see also* n.2 *supra*.

*Second*, ICS self-servingly concludes that since it never used an Automatic Telephone Dialing System ("ATDS") to make outbound calls for Defendants, it need not produce the telephone calling records or dialer manuals demanded by Plaintiffs.  *See* Subpoena Request Nos. 2-7.  As an initial matter, another court declined to accept ICS' argument that, "the system it used to call Plaintiff's number does not qualify as an 'automatic telephone dialing system' under the statutory definition."  *See Reid v. I.C. System, Inc.*, D. Az. Case No. 12-cv-2661-PHX-ROS, Order at 3 (Dkt. 18) (D. Ariz. Sept. 3, 2013).[3]  Further, ICS has registered its dialer with governmental authorities as an Automatic Dial Announcing Device (**Ex. 6**).  Lastly, even if ICS did not use an ATDS to make its

---

3935, 2013 U.S. Dist. LEXIS 791111, at *24 (E.D.N.Y. June 5, 2013) (Brown, M.J.); *Chen-Oster v. Goldman, Sachs & Co.*, 285 F.R.D. 294, 300 (S.D.N.Y. 2012) (refusing to bifurcate); *Hines v. Overstock.com, Inc.*, 09-cv-991-SJ, 2010 WL 2775921 at *1 (E.D.N.Y. July 13, 2010) (same); *Bodner v. Banque Paribas*, 202 F.R.D 370, 373 (E.D.N.Y. 2000) (same).

3        In *Reid*, ICS has agreed to a settle the TCPA claims on behalf of over 1 million persons that it has called "using an Automatic Telephone Dialing System,…."  Reid Dkt. 215-3 at Section 2.08, 2.09.

THE HONORABLE GARY R. BROWN
September 20, 2017
Page 3

outbound calls for Defendants, it does not deny using prerecorded or artificial voice messages in its outbound calls for Defendants.  Those calls fall directly within the TCPA claims made in this action and the discovery sought by the Subpoena.  *See* 47 U.S.C. §227(b)(1)(A) (requiring use of an ATDS *or* a prerecorded message).

*Third*, ICS argues that it is settling the *Reid* TCPA litigation, it cannot be liable for calls made in this case.  But ICS is *not* a defendant in this action and Plaintiffs allege only that *Defendant*s are vicariously liability for the unlawful calls made by ISC on Defendants' behalves.  Even were the *Reid* settlement relevant, the TCPA violations in that case are premised on a much narrower "wrong number telephone call" class than is being alleged in this case.  *See* Reid Dkt. 215-3 at Section 2.08, 2.09 (defining the class and class members).  The much broader category of telephone records requested in Subpoena Request Nos. 4, 5 and 8 are critical in any TCPA case, cannot be produced by Defendants and must be produced by ICS.  *See e.g., Ira Holtzman, C.P.A., & Assocs. v. Turza*, 728 F.3d 682, 684 (7th Cir. 2013); *Peters v. Credit Prot. Ass'n LP*, Case No. 2:13-cv-767, 2014 U.S. Dist. LEXIS 165601, at \*15-19 (S.D. Ohio Nov. 26, 2014); *Taylor v. Universal Auto Grp. I, Inc.*, No. 14-MC-50, 2015 WL 1810316, at \*5-7 (S.D. Ohio Apr. 17, 2015).

*Fourth*, ICS objects that the confidentiality terms in its collection agreement with Defendants prevents it from complying with Plaintiffs' subpoena.  This is not a valid objection, as demonstrated by the eleven other debt collectors with similar collection agreements with Defendants that have produced documents in response to Plaintiffs' subpoenas.  Further, Defendants have not served an objection to the Subpoena and have not filed any motions to quash the Subpoena.  Most importantly, as ICS knows (**Ex. 3**), this Court has entered a Confidentiality Order that expressly protects documents produced by third-parties like ICS.  *See* Dkt. 132-1 at 8.

*Fifth*, ICS raises unspecified and unsubstantiated claims that production would result in an undue burden.  But ICS cannot demonstrate an undue or disproportionate burden because the requested documents sought by the Subpoena are both highly relevant and not available from another source.  In addition, ICS has not substantiated its claims of undue burden, as is required. *See, e.g., Anderson v. Sposato*, 11-cv-5663(SJF)(WDW), 2014 U.S. Dist. LEXIS 25383, at \*8 (E.D.N.Y. Feb. 26, 2014) (burden satisfied only "by submitting affidavits or offering evidence revealing the nature of the burden.") (citations omitted); *Universitas Educ., LLC v. Nova Group, Inc.*, 11-cv-1590(LTS) (HBP), 2013 U.S. Dist. LEXIS 94066, at \*22 (S.D.N.Y. July 2, 2013) ("Notably, the Movants have failed to provide any affidavits to articulate the degree and scope of the burden posed by additional production, and, accordingly, they have not demonstrated that the burden of responding to the subpoenas is so substantial that the subpoena should be quashed.").

Plaintiffs respectfully request that their motion to compel be granted.  For responsive telephone calling records responsive to subpoena request Nos. 5 & 6, ICS should be compelled to produce records downloaded directly from the telephone dialer used by ICS that contain the following data fields or columns:  i) phone number; ii) account number; iii) duration of call; iv) date of call; v) source phone number; vi) disposition of the call; vii) the filename of the audio file used (if any); and viii) the type of call made (*e.g.* predictive, preview, manual, agent-less, etc.).

**TUSA P.C.**

THE HONORABLE GARY R. BROWN
September 20, 2017
Page 4

Respectfully yours,

*Joseph S. Tusa*

Joseph S. Tusa

Jonathan D. Selbin
Daniel M. Hutchinson
Douglas I. Cuthbertson
John T. Nicolaou
**LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP**

cc:   Counsel of Record (by ECF Filing)
       Sean P. Flynn, Esq., Gordon Rees Scully & Mansukhani, LLP (counsel for ICS; by email)

# LETTER MOTION TO COMPEL

# EXHIBIT 1

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

## for the

### Eastern District of New York

| | | |
|---|---|---|
| JARRETT JENKINS, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   15-cv-1219-JS-GRB |
| NATIONAL GRID USA, et al. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  I.C. SYSTEM, INC.
c/o CT Corporation System, One Corporate Center, Hartford, CT  06103

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: All documents requested in Schedule A annexed hereto.

| Place: Tusa P.C.,<br>    P.O. Box 566, 53345 Main Road, Ste. 10-1<br>    Southold, NY  11971 | Date and Time:<br><br>    07/30/2015 5:00 am |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    07/13/2015

CLERK OF COURT

OR

_____          /s/ Joseph S. Tusa, Co-Counsel for Plaintiffs
    *Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*          Plaintiffs
_____ , who issues or requests this subpoena, are:

Tusa P.C., P.O. Box 566, 53345 Main Road, Ste. 10-1 Southold, NY 11971, (631) 407-5100,
joseph.tusapc@gmail.com.

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# SCHEDULE A

Documents Requested:

1.     All documents concerning telephone calls by I.C. System, Inc. ("ICS") or its employees, agents or vendors, on behalf of any defendant[1] or National Grid entity, to Plaintiffs Jarrett Jenkins, Emmot Steele or Frances Royal or telephone numbers (516) 841-3132, (646) 247-4557 or (518) 360-7804 from March 7, 2011 to the present.

2.     Copies of all operating manuals relating to the telephone equipment, systems and software used by ICS its employees, agents or vendors to call the customers of Defendants, or any individual Defendant(s), effective during the time March 7, 2011 to the present.

3.     All documents concerning any autodialer[2], predictive dialer[3], or dialer[4] or dialer service or vendor used by ICS including, but not limited to, product literature and product manuals, effective during the time March 7, 2011 to the present.

4.     A machine-readable list of all cellular telephone numbers called ICS or its employees, agents or vendors to collect a debt allegedly owed to Defendants, or any Defendant(s), from March 7, 2011 to the present.

---

[1]     The defendants named in this lawsuit are:  National Grid USA, National Grid North America, Inc., National Grid PLC, National Grid USA Service Company, Inc., National Grid Electric Services, LLC, Boston Gas Company, Colonial Gas Company, Essex Gas Company, Keyspan Corporation, Keyspan Gas East Corporation, Massachusetts Electric Company, Nantucket Electric Company, Niagara Mohawk Holdings, Inc., Niagara Mohawk Power Corporation, The Brooklyn Union Gas Company, The Narragansett Electric Company and their subsidiaries operating in the United States (collectively "Defendants").

[2]     "Autodialer" refers to equipment that has the capacity to (a) store or produce telephone numbers to be called, or telephone numbers to which text messages can be sent; and (b) dial such telephone numbers or send text messages without human intervention, whether or not such capacity was actually used to place a particular call or send a particular message.  An Autodialer additionally refers to a equipment that places a call or send a text message using a Predictive Dialer.

[3]     "Predictive Dialer" refers to the definition of that term by the Federal Communications Commission in Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991 ("TCPA"), CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014, 14091 (2003), ¶131, and/or *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, GC Docket 02-278, Order on Motion for Reconsideration by ACA International, 23 F.C.C.R. 559, ¶¶ 12-14 (Jan. 4, 2008).

[4]     "Dialer" refers to any electronic or manual system that is capable of making a telephone call or sending a text message.  "Dialer" includes any and all components of that system that are necessary in order to make a telephone call, without limitation.

5.     A machine-readable list of the names and last known addresses and email addresses related to all cellular telephone numbers called by ICS edit or its employees, agents or vendors to collect a debt allegedly owed to Defendants, or any Defendant(s), from March 7, 2011 to the present.

6.     Non-duplicative audio copies of all artificial or prerecorded voice messages left during telephone calls by ICS or its employees, agents or vendors to cellular telephone numbers owned by persons allegedly owing a debt to Defendants, or any Defendant(s), from March 7, 2011 to the present.

7.     Non-duplicative text copies of all artificial or prerecorded voice messages left during telephone calls by ICS or its employees, agents or vendors to cellular telephone numbers owned by persons allegedly owing a debt to Defendants, or any Defendant(s), from March 7, 2011 to the present.

8.     All documents and communications between or among ICS and any defendant named in this lawsuit, or any third party, or vendor, concerning a telephone number(s) relating to a customer of Defendants, or any individual Defendant, effective during the time March 7, 2011 to the present.

9.     All documents and communications between or among ICS and Defendants, or Defendants' customers, concerning consent by a customer of Defendants, or any individual Defendant, to receive calls on a cellular telephone number, effective during the time March 7, 2011 to the present.



July 20,2015

Dear Customer:

The following is the proof-of-delivery for tracking number **774048269840**.

**Delivery Information:**

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered to: | Receptionist/Front Desk |
| Signed for by: | S.BOVELL | Delivery location: | ONE CORPORATE CENTER |
| | | | HARTFORD, CT 06103 |
| Service type: | FedEx 2Day | Delivery date: | Jul 16, 2015 10:04 |
| Special Handling: | Deliver Weekday | | |
| | No Signature Required | | |



**Shipping Information:**

| | | | |
|---|---|---|---|
| Tracking number: | 774048269840 | Ship date: | Jul 14, 2015 |
| | | Weight: | 0.5 lbs/0.2 kg |

| | |
|---|---|
| **Recipient:** | **Shipper:** |
| Attn. Process Service Dept. | Joseph Tusa |
| CT Corporation System | 53345 Main Road |
| One Corporate Center | Ste 10-1 |
| HARTFORD, CT 06103 US | SOUTHOLD, NY 11971 US |
| **Reference** | National Grid |

Thank you for choosing FedEx.

# LETTER MOTION TO COMPEL

# EXHIBIT 2



July 31, 2015

VIA U.S. Mail AND E-MAIL (*joseph.tusapc@gmail.com*)

Mr. Joseph S. Tusa, Esq.
Tusa, P.C.
P.O. Box 566
53345 Main Road, Ste. 10-1
Southold, NY 11971

Re:     Jenkins v. National Grid, U.S.A., et al., Case No. 15-cv-1219-JS-GRB (E.D.N.Y.)

Dear Mr. Tusa:

I.C. System, Inc. ("IC") was recently served with a Subpoena to Produce Documents,
Information, of Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena")
issued in the above-referenced lawsuit.  This letter constitutes IC's response to Document
Request No. 1 and objection to Document Request Nos. 2 through 9 in Schedule A of the
Subpoena.

In response to Document Request No. 1 in Schedule A of the Subpoena, IC states it has no
documents concerning telephone calls by it or its employees, agents or vendors, on behalf of
any defendant (as that term is defined in the Subpoena) or National Grid entity, to Plaintiffs
Jarrett Jenkins, Emmot Steele, or Frances Royal or telephone numbers (516) 841-3132, (646)
247-4557, or (518) 360-7804 from March 7, 2011 to the present.

In response to Document Request Nos. 2 through 9 in Schedule A of the Subpoena, pursuant to
Sections 9.1 through 9.4 of the 2009 Collection Agency Account Collection Agreement (the
"Agreement") between IC and National Grid, any and all accounts and information furnished to
IC by or on behalf of National Grid and its "Affiliates" (as defined in the Agreement) is and shall
remain the exclusive intellectual property of Affiliates or its Affiliate.  Accordingly, all
documents, records and data regarding any and all accounts and information furnished to IC
and/or exclusively gathered or prepared by IC in performance of the services described in the
Agreement are and shall remain the exclusive intellectual property of National Grid and its
Affiliates.  The documents and information contained in the documents, information and data
requested in the Subpoena are confidential and solely for the use of IC in the performance of its
obligations under the Agreement.  Neither National Grid nor any of its Affiliates have, to date,
provided written authorization for any other use of the data and/or information.  In fact,
National Grid and its counsel have expressly prohibited IC from producing any of its Intellectual
Property in response to the Subpoena at this time.

Mr. Joseph S. Tusa, Esq.
July 31, 2015
Page 2 of 2

Additionally, IC objects to the Subpoena to the extent it compels the production of documents that may contain personally identifiable consumer information, which IC is not permitted to disclose to unauthorized third parties pursuant to applicable municipal, state and federal law.

IC respectfully requests that you provide advanced notice if Plaintiffs decide to file any motion related to the Subpoena so that it may have sufficient time to retain local counsel and properly respond to the motion.

Please contact me if you wish to further discuss this response to the Subpoena.

Sincerely,

Michelle Kreidler Dove, Esq.
General Counsel and Chief Compliance Officer
Telephone: 651-481-6509

cc:     Richard H. Brown, Esq. (*via U.S. Mail and email*)

# LETTER MOTION TO COMPEL

# EXHIBIT 3

# TUSA P.C.

### ATTORNEYS AND COUNSELORS AT LAW
#### www.tpcpnylaw.com

Southold
New York City

Joseph S. Tusa
Attorney at Law
joseph.tusapc@gmail.com

April 6, 2017

**BY EMAIL AND FIRST CLASS MAIL (W/O ATTACHMENTS)**

Michelle Kreidler Dove, Esq.
General Counsel
I.C. System, Inc.
44 Highway 96 East
St. Paul, MN  55127

      Re:    ***Jenkins v. National Grid USA, et. al*, E.D.N.Y. Case No. 15-cv-1219-JS-GRB**

Dear Michelle:

      We write concerning the document subpoena (the "Subpoena") dated July 13, 2015 served by Plaintiffs on I.C. System, Inc.  On March 31, 2017, the Court sustained Plaintiffs' vicarious liability claims under the Telephone Consumer Protection Act for telephone calls made by Defendants' debt collectors, including the telephone calls made by I.C. System (opinion attached).  As a result, we wish to continue the Subpoena production process, including the production of call data detailing relevant telephone calls made on behalf of Defendants to their current or former New York customers.  This data would include telephone calls made directly by I.C. System, and telephone calls made by any vendor retained by I.C. System to call Defendants' current or former New York customers.

      Any document production should be bates-stamped and comply with the ESI Protocol Order entered in this case.  A copy of that so-ordered ESI Protocol is attached.  A copy of the Confidentiality Order entered by the Court is also attached.  If you would like to confer further about I.C. System's production, please contact me by email, or at (631) 407-5100.

                          Very truly yours,

                          Joseph S. Tusa

cc:    Jonathan D. Selbin, Esq.
       Daniel M. Hutchinson, Esq.
       Douglas I. Cuthbertson, Esq.
       Michael F. Decker, Esq.



# LETTER MOTION TO COMPEL

# EXHIBIT 4

SEAN P. FLYNN
SFLYNN@GRSM.COM



2211 MICHELSON DRIVE, SUITE 400
IRVINE, CALIFORNIA 92612
PHONE: (949) 255-6950
WWW.GRSM.COM

August 29, 2017

<u>VIA EMAIL ONLY</u>

Joseph S. Tusa, Esq.
Tusa P.C. Attorneys and Counselors at Law
53345 Main Rd, Suite 10
Southold, NY 11971
joseph.tusapc@gmail.com

   Re: ***Jenkins v. National Grid USA, et al***
     Case No.: 15-cv-1219-JS-GRB
     Eastern District of New York

Dear Mr. Tusa:

  Our firm represents I.C. System, Inc. ("ICS") in connection with the Discovery issues relative to the above-mentioned matter.  We are writing in response to your meet and confer emails concerning the document subpoena dated July 13, 2015 ("Document Subpoena") served by Plaintiff on I.C. System, Inc. ("ICS"). We are also incorporating ICS' initial response dated July 31, 2015, as well as your recent April-June 2017 email exchanges with ICS.

  As ICS previously stated in its July 31, 2015 response to the Document Subpoena, ICS has no documents responsive to RFP #1, concerning telephone calls to Plaintiffs Jarrett Jenkins, Emmot Steele, or Frances Royal or telephone numbers (516) 841-3132, (646) 247-4557, or (518) 360-7804 from March 7, 2011 to the present.  Thus, as a threshold issue, there does not appear to be any class representatives who could represent a putative class as against ICS.

  Furthermore, ICS is current in the Preliminary Approval stage of a TCPA Class Action filed in December 2012, with a Class Period spanning December 2008 the date of the Final Preliminary Approval Order which should be August/September 2017.  *Reid v. ICS*, 2:12-cv-02661 (D. Az.) As the present case was filed in 2015, the Class Period for your case (which appears to begin March 7, 2011 based n the Document Subpoena) would be subsumed within the *Reid* Class Period.  Thus, even if you were to locate a potential class member who could represent claims concerning ICS calls, those claims are currently being released.

  Relative to RFPs # 2-9, ICS' production of documents under Plaintiff's proposed subpoena is problematic for several reasons.

  Not only are the requests contained in the subpoena vague and confusing, responsive information and requested documents/recordings are either nonexistent or not relevant to the facts and allegations in this case. Relative to documents concerning an "Autodialer" or

August 29, 2017
Page 2

"Predictive Dialer" ICS does not have either device.  Relative to a "dialer" such a device as defined in the Document Subpoena, is not violative of the TCPA.

Furthermore, compilation of the requested information, documents and recordings would be unduly burdensome to ICS and cause ICS to violate their 2009 Collection Agency Account Collection Agreement (the "Agreement") with National Grid.

As ICS also previously stated in its July 31, 2015 letter, in response to Document Request Nos. 2 through 9 in Schedule A of the Subpoena, pursuant to Sections 9.1 through 9.4 of the 2009 Collection Agency Account Collection Agreement (the "Agreement") between ICS and National Grid, any and all accounts and information furnished to ICS by or on behalf of National Grid and its "Affiliates" (as defined in the Agreement) is and shall remain the exclusive intellectual property of Affiliates or its Affiliate. Accordingly, all documents, records and data regarding any and all accounts and information furnished to ICS and/or exclusively gathered or prepared by ICS in performance of the services described in the Agreement are and shall remain the exclusive intellectual property of National Grid and its Affiliates. The documents and information contained in the documents, information and data requested in the Subpoena are confidential and solely for the use of ICS in the performance of its obligations under the Agreement. Neither National Grid nor any of its Affiliates have, to date, provided written authorization for any other use of the data and/or information and in fact, have expressly prohibited ICS from producing any of its Intellectual Property in response to the Subpoena.

Therefore, ICS objects to the Subpoena for the reasons that requests contained therein are vague and confusing, responsive information and requested documents/recordings are either nonexistent or not relevant to the facts and allegations in this case, and the compilation of the requested information, documents and recordings would be unduly burdensome to ICS and cause ICS to violate their Agreement with National Grid.

Please feel free to contact our office with any questions or concerns.

Very truly yours,

/s/ Sean P. Flynn

Sean P. Flynn

SPF:ch

1135580/33676285v.1

# LETTER MOTION TO COMPEL

# EXHIBIT 5

 Gmail

<span style="color:gray">Joseph Tusa &lt;joseph.tusapc@gmail.com&gt;</span>

---

## Re: Jenkins v. National Grid; I.C. Systems Subpoena

1 message

---

**Joseph Tusa** &lt;joseph.tusapc@gmail.com&gt;                                         Wed, May 31, 2017 at 6:33 PM
To: "Dove, Michelle" &lt;MDove@icsystem.com&gt;
Cc: "Cuthbertson, Douglas I." &lt;dcuthbertson@lchb.com&gt;, "Decker, Michael F." &lt;mdecker@lchb.com&gt;

Michelle,

We wanted to advise you that MJ Brown in our case yesterday granted a motion to compel requiring another of
defendants' of debt collectors to comply with our subpoena, including the production of the requested call data.
Before we consider similar motion practice against I.C. System, we are inquiring again as your willingness to confer.
Please let me know.

Regards,

Joseph S. Tusa, Esq.
**Tusa P.C.**
Attorneys and Counselors at Law
P.O. Box 566
Southold, NY 11971
joseph.tusapc@gmail.com
Office:  (631) 407-5100
Direct:  (631) 407-5102

http://www.tpcnylaw.com
_____
This e-mail communication is confidential and is intended only for the recipient(s)
named above and others who have been specifically authorized to receive it. If
you are not the intended recipient, please do not read, copy, use or disclose the
contents of this communication to others. If you have received this e-mail in error,
please notify the us immediately by replying to the e-mail or by telephoning Tusa P.C.
at (631) 407-5100. Please delete the e-mail and any copies of it. Thank you.

_____

On Tue, Apr 18, 2017 at 2:44 PM, Dove, Michelle &lt;MDove@icsystem.com&gt; wrote:

> Mr. Tusa:
>
> IC System restates the objections in its July 31, 2015 response to the Subpoena.  IC System also objects to the
> Subpoena to the extent the requests are overly broad, unduly burdensome, confusing and unreasonable.
>
> IC System further objects to Document Request Nos. 2 through 9 of the Subpoena to the extent they seek
> production of proprietary materials belonging to parties outside IC System's control.  IC System does not have
> authority or permission to produce proprietary documents or information belonging to third-parties.
>
> IC System does not intend to produce documents outside of Minnesota (i.e., within 100 miles of IC System's

Vadnais Heights headquarters) in accordance with Fed. R. Civ. P. 45.

Finally, to the extent IC System is required to respond to the Subpoena, it will do so only if Plaintiffs first agree to pay IC System's costs and expenses required to respond. We can prepare an estimate of the costs and expenses if you would like.

Please contact me if you wish to discuss this response further.

Sincerely,

Michelle Dove



**Michelle Kreidler Dove, Esq.**

Telephone: (651) 481-6509

www.icsystem.com

**From:** Joseph Tusa [mailto:joseph.tusapc@gmail.com]
**Sent:** Monday, April 17, 2017 11:33 AM
**To:** Dove, Michelle
**Cc:** Cuthbertson, Douglas I.; Decker, Michael F.
**Subject:** Re: Jenkins v. National Grid; I.C. Systems Subpoena

Michelle,

We have not received a response to our April 6, 2017 email conquering your client's subpoena production. Please advise when your client will be producing responsive documents or contact us to schedule a meet and confer. If we do not hear from you, we will assume your client is standing on its prior objections.

Regards,

Joseph S. Tusa, Esq.

**Tusa P.C.**
Attorneys and Counselors at Law

P.O. Box 566

Southold, NY 11971

joseph.tusapc@gmail.com

Office:  (631) 407-5100

Direct:  (631) 407-5102


http://www.tpcnylaw.com

_____

This e-mail communication is confidential and is intended only for the recipient(s) named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. If you have received this e-mail in error, please notify the us immediately by replying to the e-mail or by telephoning Tusa P.C. at (631) 407-5100. Please delete the e-mail and any copies of it. Thank you.

_____


On Thu, Apr 6, 2017 at 2:31 PM, Joseph Tusa <joseph.tusapc@gmail.com> wrote:

Michelle:


We write concerning the document subpoena (the "Subpoena") dated July 13, 2015 served by Plaintiffs on I.C. System, Inc.  On March 31, 2017, the Court sustained Plaintiffs' vicarious liability claims under the Telephone Consumer Protection Act for telephone calls made by Defendants' debt collectors, including the telephone calls made by I.C. System (opinion attached).  As a result, we wish to continue the Subpoena production process, including the production of call data detailing relevant telephone calls made on behalf of Defendants to their current or former New York customers.  This data would include telephone calls made directly by I.C. System, and telephone calls made by any vendor retained by I.C. System to call Defendants' current or former New York customers.


Any document production should be bates-stamped and comply with the ESI Protocol Order entered in this case.  A copy of that so-ordered ESI Protocol is attached.  A copy of the Confidentiality Order entered by the Court is also attached.  If you would like to confer further about I.C. System's production, please contact me by email, or at (631) 407-5100.


Regards,

Joseph S. Tusa, Esq.

**Tusa P.C.**
Attorneys and Counselors at Law
P.O. Box 566

Southold, NY 11971

joseph.tusapc@gmail.com

Office:  (631) 407-5100

Direct:  (631) 407-5162

http://www.tpcnylaw.com

_____

This e-mail communication is confidential and is intended only for the recipient(s)
named above and others who have been specifically authorized to receive it. If
you are not the intended recipient, please do not read, copy, use or disclose the
contents of this communication to others. If you have received this e-mail in error,
please notify the us immediately by replying to the e-mail or by telephoning Tusa P.C.
at (631) 407-5100. Please delete the e-mail and any copies of it. Thank you.

_____

CONFIDENTIALITY NOTICE: This email message is for the sole use of the intended recipient(s) and may contain
confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you
are not the intended recipient, please contact the sender by reply email and destroy all copies of the original
message. CONFIDENTIALITY NOTICE: This email message is for the sole use of the intended recipient(s) and
may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is
prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of
the original message.

# LETTER MOTION TO COMPEL

# EXHIBIT 6



# Public Utility Commission of Texas

## ADAD Report

## I C SYSTEM INC

### Permit No: 070107

**Type:** ADAD

**Permit Approved Date:** 2/5/2007

**Date Last Renewed:** 2/5/2018

### DBA Names

No DBA Records

### Contact Information

| *Company / Physical* *(Mailing Address)* | *ADAD Physical Address* |
|---|---|
| I C SYSTEM INC<br>MICHELLE DOVE<br>444 HIGHWAY 96 EAST<br>ST. PAUL,MN 55127<br>**Web:** www.icsystem.com<br>**Email:** cleick@icsystem.com<br>**Phone:** 651-481-6314<br>**Toll Free:** 800-443-4123<br>**Fax:** 651-204-1222 | I C SYSTEM INC<br>MICHELLE DOVE<br>444 HIGHWAY 96 E<br>ST PAUL,MN 50401<br>**Email:** cleick@icsystem.com<br>**Phone:** 651-481-6314<br>**Fax:** 651-204-1222 |

### Reports

| 2017 | 2016 |
|---|---|
| **ADAD Annual Report**<br>**Submitted:** 8/30/2017<br>**Approved:** 9/6/2017 | **ADAD Annual Report**<br>**Submitted:** 9/7/2016<br>**Approved:** 9/19/2016 |
| 2015 | 2014 |
| **ADAD Annual Report**<br>**Submitted:** 9/29/2015<br>**Approved:** 9/30/2015 | **ADAD Annual Report**<br>**Submitted:** 8/20/2014<br>**Approved:** 8/25/2014 |
| 2013 | 2012 |
| **ADAD Annual Report**<br>**Submitted:** 9/11/2013<br>**Approved:** 10/31/2013 | **ADAD Annual Report**<br>**Submitted:** 8/31/2012<br>**Approved:** 10/10/2012 |
| 2011 | 2010 |

**ADAD Annual Report**
**Submitted:** 8/24/2011
**Approved:** 9/19/2011

**ADAD Annual Report**
**Submitted:** 8/18/2010
**Approved:** 8/24/2010

2009

**ADAD Annual Report**
**Submitted:** 8/20/2009
**Approved:** 9/1/2009

2008

**ADAD Annual Report**
**Submitted:** 8/13/2008
**Approved:** 8/27/2008

2007

**ADAD Annual Report**
**Submitted:** 8/30/2007
**Approved:** 9/10/2007

*End Report*